# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 20, 2010

No. 09-50904
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JULIES FLEMEN CASTILLO, Jose Murillo-Calex, also known as Julio Flemen Castillo,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-375-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Julies Flemen Castillo appeals the 57-month within-guidelines sentence imposed following his guilty-plea conviction for illegal reentry in violation of 8 U.S.C. § 1326. Castillo argues that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). He contends that the advisory guidelines range (1) was based on a Guideline that is not empirically based, (2) overstated the seriousness of his unlawful entry offense, (3) failed to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

adequately reflect his personal history and characteristics, (4) failed to deter future crime and protect the public, and (5) failed to account for the sentencing disparity caused by the lack of a fast-track program.

Because Castillo objected to the substantive reasonableness of his sentence in the district court, this court's review is for an abuse of discretion. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 328 (2008). Castillo argues that his sentence should not be subject to the presumption of reasonableness but he concedes that this argument is foreclosed by circuit precedent. *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 378 (2009).

The district court stated that in sentencing Castillo it had taken into account the advisory Sentencing Guidelines and policy statements, the 18 U.S.C. § 3553(a) factors, the parties' sentencing arguments, and the factual information in the presentence report. The district court did not abuse its discretion by not considering whether the 16-level enhancement was not supported by empirical data. *See, e.g., United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 192 (2009). This court has also rejected Castillo's double-counting argument. *See Duarte*, 569 F.3d at 529-31. Castillo's arguments are insufficient to rebut the presumption of reasonableness. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 2010 WL 637943 (Mar. 22, 2010) (No. 09-9216); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Castillo has not demonstrated that the district court's imposition of a sentence at the bottom of the guidelines range was an abuse of discretion.

The district court's judgment is AFFIRMED.